# Lancaster City School District *v.* Lamprecht Brothers Company, Appellant.

*Municipalities—Municipal bonds—Refunding.*

An issue of municipal bonds is not invalid because a portion of the proceeds of the issue is to be applied to paying bonds previously issued for an existing and valid debt, although such bonds themselves may not have been lawfully issued.

Submitted Jan. 29, 1901. Appeal, No. 283, Jan. T., 1900, by defendant, from judgment of C. P. Lancaster Co., June T., 1900, No. 31, on case stated in suit of Lancaster City School District v. Lamprecht Brothers Company. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine the validity of an issue of $50,000 of bonds of the Lancaster city school district.

From the record it appeared that the defendants had contracted to purchase the bonds, provided their legality was established to the satisfaction of their attorney; that the reso-

lution authorizing the issue provided for the payment of $20,000 of bonds issued on January 1, 1890, and April 1, 1890. The objections of the defendants to accepting the bonds may be briefly stated as follows :

1. The proceedings for the issue of the bonds were under the provisions of a special act of assembly approved January 22, 1850, P. L. 16, in respect to the city of Lancaster, and not under the provisions of the Act of April 20, 1874, P. L. 65.

2. No statement was filed prior to the issue of the two series of bonds of $10,000 each, dated January 1, 1890, and April 1, 1890.

3. The taxes assessed for the payment of the principal and interest of the said two issues of bonds of January 1, 1890, and April 1, 1890, proposed to be refunded, were not applied thereto, and under the provisions of the Act of March 1, 1899, P. L. 6, only such bonds as are not redeemed by the application of the sinking fund may be refunded.

4. The refunding bonds and the bonds for the new indebtedness were mingled together in one issue.

5. A part of the issue, to wit: $20,000 of bonds, are void, and therefore the whole issue is void.

The court in an opinion by LANDIS, J., entered judgment for plaintiff.


The opinion was in part as follows :

For the purpose of testing the validity of the whole $50,000 of bonds, the two questions submitted to the court are :

" 1. May the said issues of bonds of $10,000 each, of January 1, 1890, and of April 1, 1890, be legally refunded?

" 2. Are the said steps and proceedings taken to issue the said $50,000 of bonds, or the $30,000 of bonds, part thereof, being new loan, properly and legally taken ? "

As the president of the school board has, as we have just stated, duly signed and filed the statement, as provided by the act of 1874, any objection in this respect is removed, and we must, therefore, turn to the inquiry as to whether its omission in the issues of 1890 was absolutely fatal to the validity of the bonds and the indebtedness which is thereby represented ; and, if it was, whether all of the present $50,000 is rendered illegal because of the whole being treated as one borrowing. We are

of opinion that the act of 1850 was modified by the subsequent adoption of the constitution in 1874 and the act of assembly passed in pursuance therewith, and that thereafter, in the borrowing of money, the school district was bound to conform to the constitution and the act of 1874. While the school board here seems to have followed in part the provisions of the act of 1850, it has not violated the subsequent statute, and we do not see that this can make any material difference, for the constitutional limit not having been reached, if the act of 1850 was repealed, there would be inherent power in the school board to borrow the whole amount of this loan in a single operation and by a single resolution. As, therefore, the law does not require vain and useless things (Lancaster County National Bank v. Hennings, 171 Pa. 399), when the five resolutions were adopted to make the loans and a statement was filed before the issuing of any of the bonds, embracing those to be issued under the whole five resolutions, even though the bonds of 1890 were so designated instead of being mentioned therein as a debt, we think that that statement was adequate to cover them all, and that objections upon those grounds are ill-founded.

But the failure to file the statement before the issuing of the bonds of 1890, even if fatal to the issuing of bonds as bonds, was not an absolute and necessary precedent to the validity of the loan, as there was a lawful indebtedness existing, which the corporate authorities could afterwards recognize and pay. Its absence put the bondholder upon notice, and, if, as we have before stated, there had been an absolute constitutional prohibition to the borrowing because the amount exceeded the school district's borrowing capacity, there could be no recovery upon the bonds or for the debt; but, in this case, there was a full and perfect right in the school board originally to make the loan, and the only objection is one of form. Therefore, in Roye v. Columbia Borough, 192 Pa. 146, where the borough incurred, from time to time, an aggregate indebtedness even in excess of two per cent of the assessed taxable property, for part of which bonds were issued and were outstanding, and for a portion thereof notes for temporary loans, and it was attempted to issue a new loan for the entire indebtedness at a reduced rate of interest, the court held that this might be done if the same was approved by the electors at an election duly advertised. It was

admitted in that case, as in the present one, that the indebtedness was lawfully contracted, and while without the assent of the electors—and the failure to attain their assent would have been fatal—yet, where the people, recognizing the honesty and integrity of the transaction, saw fit to do afterwards what they could have done before the contracting of the indebtedness, and thus ratified and approved of it, the new bonds could be legally issued. That being the case, would it not logically follow that the school board, which had the power to make these loans if the proper form had been observed, having received the benefit of the money to pay towards the erection of the West Chesnut street school, could, if it now sees fit, recognize the validity of the indebtedness, and, by issuing new bonds, pay the old indebtedness?

Without regard to the question of the statement, the power to refund has been clearly conferred upon the school district. The Act of March 1, 1899, P. L. 6, provided that " where the school district has issued bonds to secure indebtedness which is matured and remains unpaid and uncanceled, it can lawfully issue new bonds, at a rate not exceeding the rate borne by the issue proposed to be refunded, payable thirty years after date; Provided, however, that all moneys for the redemption of the issue of bonds proposed to be refunded, placed in the sinking fund, if any, shall be first applied to the payment as far as applicable of the principal of such bonds, and that the balance of such issue only should be redeemed by the issue of the new bonds." If the school board had followed the resolution under which the bonds of 1890 were issued, they would now have a sinking fund created for their payment. This was the intent of section 10 of article 9 of the constitution. But the money collected for that purpose was otherwise appropriated, and there is no money in the sinking fund which can be thus applied. The objection is, therefore, raised that, if these moneys had been properly used, a sufficient amount would have been realized to have paid at least a portion of the bonds, and that, therefore, there cannot be a reissue for the whole amount, as that portion of them ought to be considered as paid. We think that the case of Bell v. Waynesboro Borough, 195 Pa. 299, meets this difficulty. There it was desired to pay off certain bonds which had matured, and reissue other bonds in their stead. No vote

upon the original issue was required; for the limit had not then been reached; but the validity of the bonds was challenged on the ground that, when they were authorized, no tax had been levied by the borough officers, as required by law, in advance of the issue, and it declared a certain amount of tax had been levied for their payment, etc. It was, therefore held that the certificate filed was notice to the world that a tax had been assessed and levied for the redemption of the bonds, and that the holders were held to the knowledge of what the statement contained, but, beyond that, they were not bound to inquire. We need hardly state the proposition that, if bonds are legally issued, it ought not, and surely cannot, make any difference, so far as the holders of them are concerned, even if the municipal authorities subsequently fail to do their duty. They may not subsequently levy the tax, or they may misappropriate it when levied and collected; but only payment can wipe out the indebtedness. Otherwise, no security would be safe and no capitalist would loan money on such a fragile tenure.

From this examination of the law and the facts, we have concluded the whole loan, as proposed to be created by the issue of $50,000 of bonds, to be legal in form, and that the corporation plaintiff has a right to make and issue the same, and we, therefore, in accordance with the terms of the case stated, enter judgment for the plaintiff and against the defendant for $53,640, with interest at four per cent from January 1, 1900, to the date of the filing of this opinion, August 20, 1900, making $55,000.80. Judgment for plaintiff.

*Error assigned* was the judgment of the court in favor of plaintiff.

*John Hampton Barnes*, for appellant, cited Witherop v. Titusville School Board, 7 Pa. C. C. Rep., 451, Rainsburg Borough v. Fyan, 127 Pa. 74, Roye v. Columbia Borough, 192 Pa. 146, and Millerstown Borough v. Frederick, 114 Pa. 435.

*W. U. Hensel*, for appellee, cited Millerstown Borough v. Frederick, 114 Pa. 441, Witherop v. Titusville School Board, 7 Pa. C. C. Rep. 451, Rainsburg Borough v. Fyan, 127 Pa. 74; Bell v. Waynesboro Borough, 195 Pa. 299, and Campbell v. City of Kenosha, 5 Wall. 198.

PER CURIAM, March 11, 1901 :

Before the Lancaster city school district issued the bonds which appellants refuse to accept, the statement required by the statute was filed in the office of the clerk of the court of quarter sessions of the county ; but it is urged that the issue is invalid because $20,000 of the proceeds of these bonds are to be applied to the payment of $20,000 of the bonds alleged to have been unlawfully issued in 1890. Whether the bonds of 1890 were valid or void, it is admitted that they were issued for an indebtedness of the school district, which it could then have been compelled to pay. At that time, or subsequently, the school district could have issued valid bonds for the discharge of that indebtedness, if the first issue had been declared invalid ; and, in the present issue of $50,000, in which no statutory requirement has been disregarded, provision is made for the payment of the said prior indebtedness of $20,000. It is so manifest that, without regard to the legality of the issue of the bonds of 1890, the school district has a right to provide for the payment of its indebtedness, and having done so in issuing the $50,000 of bonds purchased by the appellants, nothing further need be said in affirming the judgment of the court below.

Judgment affirmed.